IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MAGNA EQUITIES II, LLC; TIMUR SALIKHBAYEV; BTG INVESTMENTS, LLC; AVI MIRMAN; JAI ALAI INSURANCE, INC; DAVID A. FIELDS; MITCHELL LUKIN; BETTY ANN PURDIE; SHANNON P. PRATT; FRANCIS JUNGERS; GEORGE GILMAN; MONICA WEHBY; FRANK MARSHIK; and TOWNES PRESSLER, §§§§§§§§§§§ | |
| Plaintiffs, §§ | CIVIL ACTION NO. H-17-1479 |
| v. §§ | |
| HEARTLAND BANK, §§ | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Magna Equities II, LLC, Timur Salikhbayev, BTG Investments, LLC, Avi Mirman, Jai Alai Insurance, Inc., David A. Fields, Mitchell Lukin, Betty Ann Purdie, Shannon P. Pratt, Francis Jungers, George Gilman, Monica Wehby, Frank Marshik, and Townes Pressler (collectively, "Plaintiffs"), bring causes of action against defendant, Heartland Bank ("Heartland" or "Defendant") for fraud, negligent misrepresentation, money had and received, unjust enrichment, and promissory estoppel. Pending before the court is Heartland Bank's Motion for Leave to Designate Responsible Third Parties ("Defendant's Motion to Designate") (Docket Entry No. 38). For the reasons set forth below, Defendant's Motion to Designate will be granted for the fraud, negligent misrepresentation, money had and received, and unjust enrichment claims.

# I. Background

In August of 2014 Heartland Bank and McLarty Capital ("Lenders") entered into a Credit Agreement and an Account Purchase Agreement with an oilfield services company called HII technologies ("HII").[1] By spring of 2015 HII defaulted on its financial requirements of the Credit Agreement. On April 30, 2015, HII and Lenders entered into a Third Modification and Waiver Agreement to the Credit Agreement ("Third Modification to Credit Agreement").[2] In the Third Modification to Credit Agreement HII acknowledged it was in default, agreed to certain conditions to obtain a waiver of past defaults, and agreed to release claims HII might have against Lenders. Plaintiffs allege that Defendant promised that "if HII raised at least $2.735 million, Defendant would issue a waiver of covenants and waive any defaults[,] . . . would permit HII to acquire a profitable oilfield water management company called Water Transfer LLC[,] . . . [and] would allow HII to continue to operate as a going concern."[3] Defendant cites the Third Modification to Credit Agreement to support its claim that "HII agreed to raise

---

[1]Credit Agreement (Term Loan), August 12, 2014, Exhibit 1 to Defendant Heartland Bank's Second Amended Answer to Plaintiffs' Second Amended Complaint and Counterclaim ("Defendant's Second Amended Answer"), Docket Entry No. 46-1, pp. 20-111.

[2]Third Modification to Credit Agreement, Exhibit 2 to Defendant's Second Amended Answer, Docket Entry No. 46-1, pp. 112-127.

[3]Plaintiffs' Second Amended Complaint, Docket Entry No. 20, pp. 4-5 ¶ 22.

$2,735,000 in equity and that those funds were to be used to pay HII's creditors and the Lenders, not to purchase another entity."[4] HII management engaged placement agent Roth Capital to raise the capital by issuing shares of HII series B convertible preferred stock and warrants. Around May 20, 2015, HII raised the required equity from Plaintiffs' investments, and Lenders waived existing defaults and the default rate interest.

Plaintiffs allege that on July 9, 2015, Defendant's attorneys issued a Notice of Default to HII, froze HII's checking accounts, and "swept all of its cash, including Plaintiffs' investments, thereby causing HII to collapse."[5] Defendant alleges that around July 15, 2015, it learned that HII instructed its customers to no longer make payments to a lockbox account administered by Defendant, in violation of the Credit Agreement.[6] Plaintiffs allege that at a meeting on July 16, 2015, Defendant explained that "unbeknownst to HII or Plaintiffs, it was going to foreclose on HII assets, create a new company, hire HII's CFO as president to run the new company, and usurp HII's opportunity to purchase Water Transfer, LLC."[7] On July 30, 2015, Defendant obtained a Temporary

---

[4]Defendant's Second Amended Answer, Docket Entry No. 46-1, p. 14.

[5]Plaintiffs' Second Amended Complaint, Docket Entry No. 20, p. 8 ¶ 26.

[6]Defendant's Second Amended Answer, Docket Entry No. 46-1, p. 15.

[7]Plaintiffs' Second Amended Complaint, Docket Entry No. 20, p. 9 ¶ 27.

Restraining Order in the 129th District Court of Harris County, Texas, against HII requiring HII to direct all payments into the lockbox pursuant to the Credit Agreement.[8]  On August 7, 2015, Lenders, HII, and Magna Equities II entered into a Fourth Modification and Forbearance Agreement to the Credit Agreement.[9] On September 18, 2015, HII filed for Chapter 11 bankruptcy.

Plaintiffs, who were investors in HII, allege that they relied on Heartland's fraudulent representations and that "[a]s a result of Defendant's bad faith and gross and intentional misconduct, the value of Plaintiffs' investments was destroyed and HII wound up in bankruptcy."[10]  Plaintiffs bring causes of action for fraud, negligent misrepresentation, money had and received, unjust enrichment, and promissory estoppel.[11]  On January 8, 2018, Defendant filed its Motion to Designate seeking to designate Roth Capital and HII CEO, Matthew Flemming, as responsible third parties.[12]

---

[8]See Temporary Restraining Order and Order Setting Hearing For Temporary Injunction, Exhibit 4 to Defendant's Second Amended Answer, Docket Entry No. 46-1, pp. 195-99.

[9]Fourth Modification to Credit Agreement, Exhibit 5 to Defendant's Second Amended Answer, Docket Entry 46-1, pp. 200-12.

[10]Plaintiffs' Second Amended Complaint, Docket Entry No. 20, p. 9 ¶ 29.

[11]Id. at 12-15.

[12]Defendant's Motion to Designate, Docket Entry No. 38, p. 7.

-4-

## II. <u>Analysis</u>

### A. Applicable Law

Pursuant to Chapter 33 of the Texas Civil Practices and Remedies Code a defendant may "designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." Tex. Civ. Prac. & Rem. Code § 33.004(a). "The motion must be filed on or before the 60th day before the trial date . . . ." <u>Id.</u> With certain express exceptions, Chapter 33 applies to all common law torts, statutory torts that do not include a separate and conflicting legislative fault-allocation scheme, and actions under the Deceptive Trade Practices-Consumer Protection Act. Tex. Civ. Prac. & Rem. Code § 33.002; <u>JCW Electronics, Inc. v. Garza</u>, 257 S.W.3d 701, 704-06 (Tex. 2008). Section 33.011 defines a responsible third party as:

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

Tex. Civ. Prac. & Rem. Code § 33.011(6). Responsible third parties are not limited to those who can be joined as parties to the litigation. Responsible third parties may be persons or entities outside the court's jurisdiction, unable to be sued by the plaintiff, or even unknown. <u>See</u> <u>In re Unitec Elevator Services Co.</u>, 178 S.W.3d 53, 58 n.5 (Tex. App.--Houston [1st Dist.] 2005, no pet.); Tex. Civ. Prac. & Rem. Code §§ 33.004(j)-(k).

-5-

"A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." Tex. Civ. Prac. & Rem. Code § 33.004(f). To successfully prevent designation of a responsible third party, the burden is on the plaintiffs to establish that

> (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the [third party] to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

> (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

Tex. Civ. Prac. & Rem. Code § 33.004(g).

A court's grant of a motion for leave to designate a responsible third party at this stage in the litigation does not preclude a party from later challenging the designation. "After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." Tex. Civ. Prac. & Rem. Code § 33.004(1). "The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." Id. The burden is on the defendant to produce sufficient evidence to raise

a genuine issue of fact regarding the designated party's responsibility for the claimant's injury or damage. Additionally, before trial the court must determine whether there is sufficient evidence to support the submission of a question to the jury regarding the designated party's responsibility. Tex. Civ. Prac. & Rem. Code § 33.003(b). Therefore, while the pleading requirements at the outset are not stringent, as trial approaches the requirement for sufficient evidence to support the actual submission of a question on the responsibility of the designated third parties becomes more demanding.

Plaintiffs timely filed an objection to Defendant's Motion to Designate arguing that Defendant has failed to satisfy the pleading requirements of the Texas Rules of Civil Procedure to establish third party responsibility, that Section 33.004 is inapplicable to Plaintiffs' promissory estoppel claim, and that Defendant's motion is untimely.[13]

## B. Whether Heartland Met the Pleading Requirements

The Texas Rules of Civil Procedure provide that a defendant's pleading must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a). Under this 'fair notice' standard, "[a] pleading is

---

[13]Plaintiffs' Objections to Defendant's Motion for Leave to Designate Responsible Third Parties ("Plaintiffs' Objections"), Docket Entry No. 39, pp. 2, 6-9.

sufficient when 'an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy.'" <u>Taylor v. TASER International, Inc.</u>, Civil Action No. H-17-673, 2017 WL 3506885, at *2 (S.D. Tex. Aug. 16, 2017) (quoting <u>Low v. Henry</u>, 221 S.W.3d 609, 612 (Tex. 2007)). To determine whether a defendant has pled sufficient facts, federal courts may "look at allegations in a defendant's answer and/or counterclaim[,] . . . [and] allegations in a plaintiff's pleading that demonstrate responsibility of a third party." <u>See Eisenstadt v. Telephone Electronics Corp.</u>, Civil Action No. 3:06-1196-O, 2008 WL 4452999, at *2 (N.D. Tex. Sept. 30, 2008); <u>see also In re CVR Energy, Inc.</u>, 500 S.W.3d 67, 80 (Tex. App.--Houston [1st Dist.] 2016, no pet.) ("[Defendant] satisfied this low threshold. Its motion for leave to designate [the third party] quoted from Plaintiffs' own allegations against [the third party]."). "Given this liberal approach, courts in the Southern District of Texas have recognized with regard to motions to designate responsible third parties that the 'pleading requirements at the outset are not stringent.'" <u>Brewer v. Suzuki Motor of America, Inc.</u>, Civil Action No. 4:15-00197, 2016 WL 4159754, at *3 (S.D. Tex. Aug. 3, 2016) (citation omitted). Because Chapter 33 defines "[r]esponsible third party" as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought," Defendant only needs to

plead facts capable of showing how the third-parties it seeks to designate as responsible third-parties caused or contributed to Plaintiffs' alleged injury.

Defendant cites Plaintiffs' Second Amended Complaint to support its claim that Roth Capital and Matthew Flemming are responsible third parties.[14] Defendant argues "Plaintiffs allege that Roth Capital and Flemming made promises to them, and that these promises form the basis of Plaintiffs' claims."[15] In their Second Amended Complaint Plaintiffs allege that "Plaintiffs each were recipients of Defendant's promises directly from Defendant or through HII management, Roth, or both, and made the decision to purchase the HII series B convertible preferred stock and warrants based on Defendant's promises."[16] Plaintiffs also allege that they "received Defendant's promises and representations through oral and written communications with [either] Roth Capital [or] HII CEO, Matthew Flemming . . . ."[17]

Plaintiffs argue that "Defendant's First Amended Answer and Counterclaim also does not contain any allegation sufficient to put Plaintiffs on notice of Defendant's position that Flemming or Roth

---

[14]See Defendant's Motion to Designate, Docket Entry No. 38, p. 3 ("[I]f Plaintiffs' allegations are accepted, Roth Capital and Flemming are 'responsible third parties.'").

[15]Id.

[16]Plaintiffs' Second Amended Complaint, Docket Entry No. 20, p. 5 ¶ 23.

[17]Id. at 5-7 ¶ 25.

somehow share legal responsibility for Plaintiffs' injuries."[18]
Plaintiffs argue that

> Simply regurgitating Plaintiffs' factual allegations that
> Roth and Flemming—unaware of Defendant's intentions and
> believing its representations to be true—passed along
> Defendant's false promises to Plaintiffs is insufficient
> to meet the pleading standard under Section 33.004 when
> those factual allegations do not give rise to any legal
> theory for liability. Merely relaying a representation
> or promise is not in and of itself a breach of any legal
> duty or standard.[19]

The court is not persuaded by Plaintiffs' arguments.
Plaintiffs' Second Amended Complaint alleges that Defendant
communicated with Roth Capital and Flemming "with the intent and
expectation that its promises and representations would be repeated
to investors such as Plaintiffs."[20] Plaintiffs' argument that Roth
Capital and Flemming did not violate a legal standard, even if
ultimately found to be true, does not preclude Roth Capital and
Flemming from being responsible third parties. <u>See</u> Tex. Civ.
Prac. & Rem. Code § 33.011(6) (". . . <u>or activity</u> that violates an
applicable legal standard, <u>or</u> by any combination of these")
(emphasis added). Also, at this stage the court may not review the
truth of the allegations. <u>In re Unitec Elevator Services Co.</u>, 178
S.W.3d at 62. Therefore, even assuming that Roth Capital and
Flemming were simply puppets used to relay information from

---

[18]Plaintiffs' Objections, Docket Entry No. 39, p. 5.

[19]<u>Id.</u>

[20]Plaintiffs' Second Amended Complaint, Docket Entry No. 20,
p. 10 ¶ 32.

Defendant, the allegations are sufficient to suggest that Roth Capital and Flemming "caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ." Tex. Civ. Prac. & Rem. Code § 33.011(6).

Because Plaintiffs' own allegations name Roth Capital and Flemming as involved in the alleged representations, Plaintiffs are easily on fair notice of the claim involved. At this early stage of the case Defendant meets the low pleading threshold of the Texas Rules of Civil Procedure for designating responsible third parties because the nature of Roth Capital's and Flemming's responsibility lies in Plaintiffs' Second Amended Complaint.

C.   **Plaintiffs' Promissory Estoppel Claim**

Plaintiffs argue that Section 33.004 does not apply to its promissory estoppel claim because promissory estoppel sounds in contract law and Section 33.004 is limited to claims based in tort or the Texas Deceptive Trade Practices Act.[21] Defendant argues in its Reply that none of Plaintiffs' cited cases apply to responsible third parties, and that courts have granted motions to designate responsible third parties for promissory estoppel claims.[22] But since Defendant states that "Heartland need not seek to designate Roth and Flemming as responsible third parties as to the promissory

---

[21]Plaintiffs' Objections, Docket Entry No. 39, pp. 6-7.

[22]Heartland Bank's Reply to Plaintiffs' Objections to Heartland Bank's Motion for Leave to Designate Responsible Third Parties ("Defendant's Reply"), Docket Entry No. 41, p. 8.

estoppel claim,"[23] the court will not designate Roth Capital and Flemming as responsible third parties as to this claim.

## D.  Whether Heartland's Motion is Timely

Heartland filed its Motion to Designate on January 8, 2018.[24] Since docket call is scheduled for September 14, 2018,[25] Defendant filed its Motion more than 60 days prior to trial as required by Section 33.004(a).  Plaintiffs argue that Defendant's Motion to Designate is untimely, however, because the applicable statute of limitations has expired with respect to Plaintiffs' negligent misrepresentation, money had and received, and unjust enrichment claims.[26]

### 1.  Applicable Law

Section 33.004(d) states that a defendant may not designate a person as a responsible third party

> after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

Id. § 33.004(d).  "'This limitation seeks to address a defendant's interest in identifying nonparties who may have some culpability

_____

[23]Id.

[24]See Defendant's Motion to Designate, Docket Entry No. 38.

[25]See Docket Control Order, Docket Entry No. 25, p. 2.

[26]Plaintiffs' Objections, Docket Entry No. 39, pp. 7-9.

-12-

while recognizing that a plaintiff has time limitations on pursuing its claims against parties not already included in its suit." Vasquez v. Tristar Products, Inc., Civil Action No. B:15-108, 2017 WL 7038196, at *2 (S.D. Tex. May 22, 2017) (quoting Ranolls v. Dewling, Civil Action No. 1:15-111, 2016 WL 7356809, at *3 (E.D. Tex. March 7, 2016)). Texas Rule of Civil Procedure 194 states that a party "may request disclosure" of a person who may be designated as a responsible third party, and the responding party "must serve a written response" within certain time limitations. Tex. R. Civ. P. 194.2-194.3.

Federal district courts in the Fifth Circuit have varying approaches to the disclosure requirement of Section 33.004(d) and the Texas Rules of Civil Procedure's applicability in federal court. See Morris v. Aircon Corp., Civil Action No. 9:16-35, 2017 WL 2927478, at *3 (E.D. Tex. June 15, 2017) ("Other courts [in the Fifth Circuit] have similarly struggled with the notion that in federal court, a Texas rule of discovery could play a determining role in the designation of responsible third parties."); Spencer v. BMW of North America, LLC, Civil Action No. 5:14-869-DAE, 2015 WL 1529773, at *2 n.3 (W.D. Tex. April 2, 2015) ("There is a reasonable argument that Texas Rules of Civil Procedure ceased to have any relevancy to the case once the action was removed to federal court."); Withers v. Schneider National Carriers, Inc., 13 F. Supp. 3d 686, 690-91 (E.D. Tex. 2014) (reasoning that Section 33.004 is substantive law applicable to litigation in federal court

even though "discovery is generally governed by the Federal, rather than Texas Rules of Civil Procedure"); Webber, LLC v. Symons Corp., Civil Action No. 4:12-181-A, 2013 WL 3356291, at *3 (N.D. Tex. July 3, 2013) (reasoning that either the Texas Rules of Civil Procedure are inapplicable in federal court or apply only for Section 33.004(b) and thus require plaintiffs to request disclosure). The Fifth Circuit has not addressed this issue.

### 2.   The Parties' Arguments

Plaintiffs did not request disclosure of potential responsible third parties. Defendant argues that Webber and Spencer therefore apply and that Plaintiffs' failure to request disclosure renders Defendant's designation timely, even if the statute of limitations has expired.[27] See Webber, 2013 WL 3356291, at *2 (holding that even if the Texas procedural rules do apply, a defendant's obligation remains nonexistent until a plaintiff requests disclosure); Spencer, 2015 WL 1529773, at *2 ("Plaintiff has never requested this information of Defendants. Accordingly, Defendants had no disclosure obligations regarding responsible third party designations under the Texas Rules of Civil Procedure.").

Plaintiffs argue that Withers applies, and that a plaintiff's request for disclosure of responsible third parties is not necessary. Withers, 13 F. Supp. 3d at 690-91. But Withers analyzed

---

[27]Defendant's Motion to Designate, Docket Entry No. 38, pp. 4-5.

-14-

what constitutes "timely" disclosure under Section 33.004(d), "particularly, whether a disclosure made after the statute of limitations has run can nevertheless be deemed 'timely.'" Id. at 690. "In construing the 'timely disclosure' requirement of § 33.004(d), however, this Court must presume that the Texas Legislature intended 'a just and reasonable result.' Otherwise, the 'timeliness' requirement has no meaning." Id. (internal citations omitted). The court explained that

> Notwithstanding the different disclosure obligations imposed by the Federal and the Texas Rules of Civil Procedure, a defendant has a duty to disclose the existence of any potential responsible third parties as soon as reasonably possible, so a plaintiff may have an opportunity to join such parties before they are time barred. The obligation on the Defendant to timely discover and disclose any such responsible third parties before the statute of limitations runs is but a fair and reasonable burden when compared to the excessive burden that would otherwise be visited upon the Plaintiff.

Id. at 691. The court denied the defendant's motion because the limitations period had run and the defendant had "ample information available" to designate the third party since the day the incident giving rise to the action occurred. Id.

Defendant argues that even if a request for disclosure by the plaintiff is not necessary, Withers has been distinguished by other courts that have held that designation is timely even after the limitations period has ended.[28] Defendant relies on Spencer and

---

[28]Id. at 5.

<u>Curlee v. United Parcel Service, Inc.</u>, Civil Action No. 3:13-00344-P, 2014 WL 11516541 (N.D. Tex. Dec. 12, 2014). In <u>Spencer</u> the court reasoned that

> To the extent that the <u>Withers</u> court was correct that
> § 33.004(d) contains a general timeliness requirement
> separate from disclosure obligations under Texas Rules of
> Civil Procedure, this Court finds the instant case
> distinguishable. In <u>Withers</u>, the plaintiff filed his
> case on February 26, 2013, over seven months before the
> statute of limitations period had run. <u>Id.</u> at 687. As
> such, the defendants had over seven months to discover
> and timely designate the responsible third party before
> the statute of limitations expired. <u>Id.</u> In the instant
> case, Plaintiff filed suit eight days before the statute
> of limitations expired. Eight days would not have
> permitted Defendants the opportunity to discover and
> designate [the third party] as a responsible third party.
> If the purpose of the timeliness requirement is to afford
> the plaintiff an opportunity to name the responsible
> third party as a defendant in the suit, Plaintiff
> eliminated such a possibility by filing her case so close
> to the expiration of the statute of limitations.

<u>Spencer</u>, 2015 WL 1529773, at *2 n.4. In <u>Curlee</u> the court held that the defendant's designation was timely even though limitations had run, in part because the plaintiffs had knowledge of the third parties. <u>Curlee</u>, 2014 WL 11516541, at *2. It reasoned:

> Plaintiffs filed this case one day before the expiration
> of the limitations period. . . . Because of this,
> Defendants had no realistic opportunity to designate
> responsible third parties before expiration of the
> limitations period. Additionally, Plaintiffs at that time
> claimed civil conspiracy involving [the third parties],
> and had knowledge of the threatening letter. . . .
> Plaintiffs' own complaint shows that they had notice of
> these parties.

<u>Id.</u> Plaintiffs responded that

> unlike in those cases [<u>Spencer</u> and <u>Curlee</u>], the
> identities of Roth and Flemming (HII's former CEO) were
> ascertainable to Defendant from day one of this lawsuit,

-16-

May 12, 2015. . . . In contrast to the one-day and eight-day designation windows afforded to the <u>Curlee</u> and <u>Spencer</u> defendants, Defendant in this case had nearly *two months* from the filing of Plaintiffs' lawsuit to the expiration of the limitations period to designate HII management (including Flemming) or Roth as responsible third parties, yet chose not to do so.[29]

Since both parties agree that the limitations period for the fraud claim has not expired, Defendant's Motion to Designate as to that claim is timely. The parties agree that a two-year statute of limitations applies to Plaintiffs' negligent misrepresentation, money had and received, and unjust enrichment claims, but disagree on when the limitations period ran. Plaintiffs cite <u>S.V. v. R.V.</u>, 933 S.W.2d 1, 4-6 (Tex. 1996), to support their argument that "[t]hese causes of action accrued on July 9, 2015, the day that Defendant noticed the default and swept away Plaintiffs' investments . . ." and that "the statute of limitations for these claims expired on July 9, 2017."[30] This was two months after Plaintiffs filed this action and six months before Defendant filed the pending motion. Defendant cites <u>Sabine Towing & Transportation Co., Inc. v. Holliday Insurance Agency, Inc.</u>, 54 S.W.3d 57 (Tex. App.--Texarkana 2001, pet. denied), to support its argument that

---

[29]Plaintiffs' Objections, Docket Entry No. 39, p. 9.

[30]<u>Id.</u> at p. 7. Plaintiffs argue without citing any authority that the limitations period for their claims for unjust enrichment and money had and received also accrued on July 9, 2015. Since neither party has favored the court with briefing as to the accrual date for those claims the court will assume for the purpose of Defendant's Motion to Designate that their accrual date is the same as the accrual date for Plaintiffs' negligent misrepresentation claim.

-17-

"[t]he claims accrued when the misrepresentations were made . . ."[31]
Defendant argues that Plaintiffs' claims are time-barred by the
two-year limitations period because "Plaintiffs' Complaint makes it
clear that the representations on which all their claims are based
were made between March 2015 and May 2015. Plaintiffs filed this
suit on May 12, 2017, more than two years later."[32] Defendant
argues that it was therefore "impossible for Heartland to designate
the third parties within the limitations period."[33]

### 3. Statute of Limitations

In Texas "[a]s a rule, a cause of action accrues when a
wrongful act causes some legal injury, even if the fact of injury
is not discovered until later, and even if all resulting damages
have not yet occurred." Weaver and Tidwell, L.L.P. v. Guarantee
Co. of North America USA, 427 S.W.3d 559, 567 (Tex. App.--Dallas
2014, pet. denied) (internal quotations and citations omitted).
Texas courts use different methods to decide when an injury occurs
and thus have reached different conclusions on accrual. See Rice
v. Louis A. Williams & Associates, Inc., 86 S.W.3d 329, 336-41
(Tex. App.--Texarkana 2002, pet. denied) (discussing Texas courts'
various theories and applications of the "legal injury rule" and
the statute of limitations). Murphy v. Campbell established the

---

[31]Defendant's Reply, Docket Entry No. 41, p. 5.

[32]Id.

[33]Id.

-18-

rule that "a person suffers legal injury from faulty professional advice when the advice is taken[,]" unless the fault in the advice is "inherently undiscoverable" in which case the "claim accrues when the claimant knows or in the exercise of ordinary diligence should know of the wrongful act and resulting injury" (the "Discovery Rule").  964 S.W.2d 265, 271 (Tex. 1997).

Plaintiffs' reliance on S.V. v. R.V. is misplaced because that case did not involve a cause of action for negligent misrepresentation.  Although Sabine Towing, cited by Defendant, involved negligent misrepresentation, Sabine Towing is a 2001 case, dealt with a certificate of insurance, and has been distinguished by other Texas courts.  Weaver is a recent Texas case that involves a fact pattern similar to this case, analyzes Murphy, and has not been distinguished or overruled.  Weaver, 427 S.W.3d 559.  In Weaver the plaintiff issued performance bonds for a company in reliance on audited financial statements provided by the defendant-accounting firm.  Id. at 562-63.  After the company defaulted on its contracts, the plaintiff had to take over payment under its performance bonds and suffered losses on the bonds.  Id.  The plaintiff brought suit for injuries resulting from the defendant-accounting firm's negligent misrepresentations in the audited financial statements.  Id. at 563.  The court held that the cause of action for negligent misrepresentation accrued on the date the advice was taken -- i.e. the date the plaintiff issued its first

bond in alleged reliance on the defendant's representations in the audit. Id. at 568 (citing Murphy, 964 S.W.2d at 270).

Under Weaver's holding both parties are mistaken as to when the causes of action accrued. For the purpose of Defendant's Motion to Designate, the court concludes that Plaintiffs' cause of action for negligent misrepresentation accrued on May 20, 2015, the day they invested in HII in alleged reliance on Defendant's promises.[34] Plaintiffs filed suit on May 12, 2017,[35] within the two-year limitations period. Since the two-year statute of limitations ran on May 20, 2017, Defendant would have had eight days to designate responsible third parties within the limitations period.

### 4. Timely Disclosure

The court agrees with other courts in this District that § 33.004(d) contains a general timeliness requirement as outlined in Withers. See Vasquez, 2017 WL 7038196, at *2 (holding that the defendants complied with disclosure requirements when they disclosed their relationship to the third parties as part of the initial disclosures); Armstrong v. National Shipping Co. of Saudi Arabia, Civil Action No. 4:15-868, 2017 WL 2156358, at *1-3 (S.D. Tex. May 17, 2017) (citing Withers to determine what constitutes "timely disclosure"). Additionally, the holdings of Withers, Spencer, and Curlee can be reconciled. "[Withers] did not

---

[34]See Plaintiffs' Second Amended Complaint, Docket Entry No. 20, pp. 6-8 ¶ 25.

[35]See Plaintiffs' Original Complaint, Docket Entry No. 1.

announce a general rule that all disclosures made after the applicable statute of limitations have expired must be deemed untimely for purposes of § 33.004(d)." Morris, 2017 WL 2927478, at *2. Rather Withers states:

> To be clear, by this holding the Court does not purport to announce a general rule that all disclosures made after the applicable statute of limitations have expired must be deemed untimely for purpose of § 33.004(d). § 33.004(d) must be applied in those circumstances as the facts of each case require. Timeliness is determined in every trial court on a case by case basis.

Withers, 13 F. Supp. 3d at 691.

Because Plaintiffs knew about Roth Capital and Flemming before they filed their Second Amended Complaint, Defendant's "duty to disclose the existence of any potential responsible third parties as soon as reasonably possible, so a plaintiff may have an opportunity to join such parties before they are time barred" was fulfilled. Withers, 13 F. Supp. 3d at 691. Defendant did not violate disclosure requirements because the existence of potential third parties was known to Plaintiffs -- Plaintiffs' Second Amended Complaint discusses Roth Capital's and Flemming's involvement at length. See Curlee, 2014 WL 11516541, at *2 ("Plaintiffs' own complaint shows that they had notice of these parties."); In re CVR Energy, Inc., 500 S.W.3d 67, 80 (Tex. App.--Houston [1st Dist.] 2016, pet. denied) (holding that the defendant provided sufficient notice because the plaintiffs "include[d] allegations in their amended petition of [the third party's] allegedly intentional misconduct").

Moreover, the court agrees with the analysis in <u>Spencer</u> and <u>Curlee</u> that the court should consider Plaintiffs' timing in filing suit to determine the "just and reasonable" result. Here, Plaintiffs filed their case eight days before the expiration of the statute of limitations, which did not afford Defendant a realistic opportunity to designate a third party before the end of the limitations period. The "just and reasonable" result under the unique circumstances of this case is to allow Defendant to designate Roth Capital and Matthew Flemming as responsible third parties even though the limitations period has expired.

### III.  Conclusions and Order

For the reasons explained above, Heartland Bank's Motion for Leave to Designate Responsible Third Parties (Docket Entry No. 38) is **GRANTED** as to Plaintiffs' fraud, negligent misrepresentation, money had and received, and unjust enrichment claims and is **DENIED** as to Plaintiffs' promissory estoppel claim.

**SIGNED** at Houston, Texas, on this 28th day of February, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE